## CIRCUIT COURT OF CHESTERFIELD COUNTY

Betty L. Reid-Cather

v.

David A. Cather

December 1, 1994

Case No. CH91-382

By Judge John F. Daffron, Jr.

This matter is before the Court for a review of the custody of the minor children, permanent award of child support at the current level, attorney's fees, reservation of the plaintiff's rights to request spousal support, and for restricted visitation. The Court has previously granted the divorce of the parties on August 23, 1993, reserving the determination of custody, support, and child visitation. Upon review of all of the evidentiary materials, testimony, and consideration of counsels' arguments and supporting memoranda, the Court reaches the following conclusions.

### I. *Custody of the Minor Children*

The Court has carefully reviewed the evidence and considered Sections 20-124.2 and 20-124.3 of the Code of Virginia, 1950, to determine what is in the best interests of the Cather children and awards custody accordingly. The Court determines after reviewing the Lancaster County Department of Social Services home study and the testimony that the custody of all three children is to remain with Mrs. Cather. The Lancaster County home study has determined that Mrs. Cather has presented an acceptable home for the children, displays genuine concern for the children, cares for the children, and provides a suitable household. The children's development and their accomplishments demonstrate in good measure the quality of maternal care provided by Mrs. Cather and negate the suggestions of unfitness.

The Court listened closely to Mr. Collier's argument and reviewed cases he cited that contained reference to bipolar disorder. However, all of those cases involved incidents involving detrimental acts that led to the decla-

ration that the parent was unfit. The defendant is unable to present evidence or authority that the plaintiff is unfit to continue custody of the children based solely on her bipolar condition. The one instance that the defendant uses is the poor dental care that occurred during a transition time in the plaintiff's custody. The plaintiff, once becoming aware of the poor dental care, quickly rectified the situation. There have been no additional incidents reported to the Court of any further neglect or problems created by the Plaintiff's physical condition.

The Court is satisfied that the plaintiff's disorder, controlled by medicine, does not limit her ability to care for her children nor subject them to unreasonable risks. Many people lead active lives who suffer from bipolar disorder. Mrs. Cather has controlled her condition, and as long as she continues to do so with medicine and medical supervision, her condition alone will not have a negative impact on her custody of the children.

## II. *Permanent Award of Child Support*

The Court orders that Mr. Cather is to provide $946.00 per month for permanent child support for the three children as previously ordered. The defendant is admonished to make these payments regularly and promptly. The defendant is to maintain health and dental insurance on the children and any extraordinary costs will be apportioned by 40% to the plaintiff and 60% to the defendant. The defendant is held under the statutory requirements of § 20-60.3 of the Code of Virginia in maintaining his support obligation.

## III. *Reservation of Spousal Support*

The Court preserves Mrs. Cather's right to seek spousal support in the future.

## IV. *Visitation*

The Court considers it beneficial to the children that they have both parents contribute to their upbringing. The defendant is, therefore, granted liberal visitation with all three children. The parties are to maintain the current visitation plan that they have been following. The plaintiff is admonished to make the extra efforts, if necessary, to enable the defendant to visit with the children when he is in Virginia. Pursuant to the parties' agreement, during part of the summer, the defendant shall have visitation at his home and shall provide the costs necessary for that visitation.

## V. *Award of Attorney Fees*

After careful consideration, the Court finds that no award of attorney's fees is justified and each party must bear his or her attorney's fees and costs.